J. A03044/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN RE: ADOPTION OF N.R., A MINOR  :  IN THE SUPERIOR COURT OF
                                               :            PENNSYLVANIA
                                               :

APPEAL OF: A.D. AND J.D.         :

                                               :         No. 1006 MDA 2016

Appeal from the Decree May 20, 2016
In the Court of Common Pleas of York County
Orphans' Court at No(s): 2015-0027a

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                **FILED MARCH 09, 2017**

Appellants, A.D. and J.D., appeal from the May 20, 2016 Decree entered in the Court of Common Pleas of York County which granted the Petition to Adopt N.R. ("Child") that the Child's foster mother, E.T.M. ("Foster Mother"), filed pursuant to the Adoption Act, 23 Pa.C.S. §§ 2101-2910. In granting Foster Mother's Petition, the orphans' court denied the Petition to Adopt that Appellants filed. After careful review, we affirm.

The relevant factual and procedural history is summarized as follows. The Child tested positive for methadone and oxycodone at her birth in June 2013 and remained in the hospital for approximately one month. Upon release from the hospital in July 2013, Children Youth and Families of York County ("the Agency") placed the Child with Appellants, the Child's biological

paternal aunt and uncle. On August 12, 2013, the orphans' court adjudicated the Child dependent. The Child's father was incarcerated prior to the Child's birth, remains incarcerated, and has never been released.

In October 2013, the Agency reunified the approximately 3-month-old Child with her mother. After six months, in April 2014, the Agency placed the approximately 9-month-old Child in foster care with Foster Mother. The Agency declined to place the Child back in the care of Appellants because they were in the process of moving from the Commonwealth of Pennsylvania to the Commonwealth of Kentucky, a move that they completed in June 2014.

In December 2014, at the request of Appellants, the Agency made a referral for an Interstate Compact pursuant to the Interstate Compact on the Placement of Children, 62 P.S. § 761, which was completed and approved in June 2015.

The Child remained with the Foster Mother, however, because "the [orphans' court] determined at each permanency review that the current placement was necessary and appropriate as a preadoptive home. As no safety concerns were noted, the [C]hild was never removed from the home and placement with the [Appellants] was unnecessary." Orphans' Court Opinion, filed 4/19/16, at 3 (unpaginated).

On May 7, 2015, the orphans' court changed the Child's permanency goal to adoption, and on May 13, 2015, the orphans' court terminated the parental rights of the Child's mother and father.[1]

On December 2, 2015, Appellants filed a Petition for Adoption. On February 10, 2016, Foster Mother filed a Petition for Adoption.[2]

On May 20, 2016, the orphans' court held an evidentiary hearing. Testimony revealed, *inter alia*, that during the time the Child was placed with Foster Mother, Appellants visited the Child in person two times, once right after the Child was placed with Foster Mother and once after Appellants filed the Petition for Adoption. N.T., 5/20/16, at 11. In addition, Appellants have had approximately fifty (50) Facetime video phone calls with the Child, facilitated by Foster Mother on a weekly basis when possible. Orphans' Court Decision, 5/20/16, at 7-8.

---

[1] The Child's mother did not appeal. The Child's father timely appealed and on December 2, 2015, this Court affirmed the Orders that changed the Child's permanency goal to adoption and terminated the father's parental rights. ***In re Adoption of N.K.J.R.***, Nos. 991 MDA 2015, 1007 MDA 2015 (filed December 2, 2015) (unpublished memorandum).

[2] On March 2, 2016, Foster Mother filed a Motion to Dismiss Appellants' Petition for Adoption, claiming that Appellants did not have standing. Appellants filed an Answer with New Matter. On April 19, 2016, the orphans' court denied Foster Mother's Motion to Dismiss and ordered, *inter alia*, that Appellants' had standing to proceed on their Petition for Adoption. The orphans' court proceeded to schedule a May 20, 2016, hearing where the court would hear evidence on both Foster Mother's and Appellants' Petitions for Adoption. Order, 4/19/16.

On May 20, 2016, the orphans' court granted Foster Mother's Petition for Adoption and denied Appellants' Petition.

Appellants timely appealed. Both Appellants and the orphans' court complied with Pa.R.A.P. 1925.

Appellants raise the following issues on appeal:

1. Whether the [orphans' court] abused its discretion and/or made an error of law when granting Foster Mother's Petition for Adoption given the age, health, and biological connection to Appellants versus that of Foster Mother?

2. Whether the [orphans' court] abused its discretion and/or commited an error of law by refusing to consider the [C]hild's future best interests and assuming the court had no authority to mitigate the trauma associated with granting Appellate [*sic*] Petition for Adoption?

Appellants' Brief at 5.

It is well settled that "[i]n both custody and adoption matters, our paramount concern is the best interests of the child. This 'best interests' determination is made on a case-by-case basis, and requires the weighing of all factors which bear upon a child's physical, intellectual, moral, and spiritual well-being." ***In re Adoption of A.S.H.***, 674 A.2d 698, 700 (Pa. Super. 1996) (citations omitted); ***see also*** 23 Pa.C.S. § 2902(a).

This Court reviews an adoption determination for an abuse of discretion. ***In re K.D.,*** 144 A.3d 145, 151 (Pa. Super. 2016). We will not find an abuse of discretion "merely because a reviewing court would have reached a different conclusion." ***Id.*** (citation omitted). Rather, "[a]ppellate courts will find a trial court abuses its discretion if, in reaching a conclusion,

it overrides or misapplies the law, or the record shows that the trial court's judgment was either manifestly unreasonable or the product of partiality, prejudice, bias or ill will." **Id.** (citation omitted).

Further, when this Court reviews a trial court's "best interests" analysis in custody and adoption matters, our scope of review is as follows:

> An appellate court is not bound by findings of fact made by the trial court which are unsupported in the record, nor is it bound by the court's inferences drawn from the facts. However, on issues of credibility and weight of the evidence, an appellate court defers to the findings of the trial judge, who has had the opportunity to observe the proceedings and the demeanor of the witnesses. Only where it finds that the custody order is manifestly unreasonable as shown by the evidence of record will an appellate court interfere with the trial court's determination.

**A.S.H., supra** at 700 (citations and internal quotation marks omitted).

Appellants first aver that the orphans' court did not properly consider Foster Mother's age and health. Appellants' Brief at 11. We disagree.

Appellants argue that the best interests of a child is served when that child is adopted by "younger, age appropriate couples" or "natural age parents" who are not susceptible to chronic illnesses such as the diabetes with which Foster Mother has been diagnosed. Appellants' Brief at 11-12 (internal quotation marks omitted).

Appellants rely on **In re Davis**, 465 A.2d 614 (Pa. 1983), to support their claims that Foster Mother's age and health should preclude her from adopting the Child. However, Appellants misconstrue this case.

In **Davis**, the appellants were a 75 and 83-year-old couple who challenged the decision to remove a 6-year-old child from their care and place that child in foster care with his half-siblings after his mother passed away. While noting "the age of seventy and beyond is hardly an ideal time of life to be raising [children]," our Supreme Court clearly stated "age *alone* cannot be *the* determinative factor" but should be one of the factors that a trial court considers. **Davis**, **supra** at 621 (emphasis in original) (citation omitted). Although the advanced age of potential foster parents is an important factor to consider, "no 'bright lines' can or should be drawn." **Id.**

In this case, in response to Appellants' concerns regarding Foster Mother's age and health, the trial court opined:

> In this instance, the [c]ourt took into account the age difference between the Appellants and [Foster Mother], and heard credible evidence that the Agency had no concerns about [Foster Mother]'s health, or, after observing her interaction with [the Child], her ability to parent the [C]hild, or effectively care for her. [Foster Mother] is only 54 years old, and at that age, is not significantly older than many natural parents with young children. Further, the [c]ourt took into account that [Foster Mother] resides with her sister, her daughter, and her niece, and that in the event that [Foster Mother] required any assistance in caring for the [C]hild, there are several others in the home, who are ready and willing to assist. While the [c]ourt did consider this factor, we found that in light of all of the other factors, it was not, and should not be, dispositive. The paramount consideration is what is best for the [C]hild. As discussed in the Opinion stated on the record, and as outline[d] herein, adoption by [Foster Mother] is in the [C]hild's best interest[s].

Orphans' Court Opinion, filed 7/8/16, at 4 (unpaginated).

The orphans' court properly considered Foster Mother's age and health as one of many factors in determining what was in the Child's best interests. A review of the record supports the orphans' court's findings. Accordingly, we find no abuse of discretion.

Appellants next aver that the orphans' court did not give proper consideration to Foster Mother's household composition and lack of biological connection to the Child. Appellants' Brief at 11. We observe that Appellants failed to raise either of these issues in their Pa.R.A.P. 1925(b) Statement. Accordingly, we find that Appellants have waived these issues. *See Klos v. Klos*, 934 A.2d 724, 731 (Pa. Super. 2007) (Father appealing child custody rulings waived claims that did not appear in his statement of errors complained of on appeal); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Appellants' next issue on appeal claims that the orphans' court failed to consider the long-term best interests of the Child and "erred in assuming that it had no authority to mitigate the trauma the [C]hild may experience by being removed from the foster placement." Appellants' Brief at 15.

As noted above, the best interests of the child is "the sole standard for any decision on his adoption, and it is one that should be applied on full facts elicited during hearings in which all pertinent facts are placed before the court." *In re: Adoption of Sturgeon*, 445 A.2d 1314, 1321–1322 (Pa.

Super. 1982). As such, we agree with the Appellants' contention that a trial court should consider a child's future in its best interests analysis. However, in the instant case Appellants' argument lacks merit because the orphans' court **did** engage in an analysis of the Child's long-term best interests.

The trial court opined:

> The notion that the Court considered only the temporary welfare of the [C]hild in making its decision is misguided. The Court found that terminating the bond between [Foster Mother] and the [C]hild would be detrimental to the [C]hild. The Court believes this effect would be both short term and long term. The [C]hild is clearly well loved and well cared for in her current environment, and she has developed a familial bond with [Foster Mother], as evidenced by her referring to [Foster Mother as] "Mommy" throughout the proceedings. The Court also repeatedly observed the interaction between the [C]hild and [Foster Mother] at this hearing and numerous other hearings. The [C]hild evidences a strong bond with [Foster Mother], and further showed no interest or interaction with Appellants or their children. Appellants state that "long term stability" for the [C]hild favors an adoption by Appellants. However, absolutely no evidence was presented at the time of the hearing to suggest that the [C]hild's life in [Foster Mother]'s home is anything less than stable, nor was there any evidence presented to predict that at some point it may not be stable. This case presented a situation where two families could both give a child a loving, stable, and permanent home. Ultimately, the Court found that both the short term and long term welfare of the [C]hild favored her remaining in the home of the only stable family she has ever known.

Orphans' Court Opinion, filed 7/8/16, at 5-6 (unpaginated).

A review of the record supports the orphans' court findings. As the orphans' court did, in fact, consider the Child's "long-term best interests" we find no abuse of discretion.

Appellants next aver that the orphans' court erred in its determination that it had no authority to mitigate any trauma the Child might experience if removed from her foster placement. Appellants' Brief at 15. Appellants failed to raise this issue in their Pa.R.A.P. 1925(b) Statement. Accordingly, we find that Appellants have waived this issue. ***See Klos, supra.***; ***see also*** Pa.R.A.P. 302(a).

A review of the record supports the orphans' court findings and reveals that the trial court properly considered the Child's best interests when it denied Appellants' Petition to Adopt and granted Foster Mother's Petition to Adopt.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2017